Geeen, J.
delivered the opinion of the court.
This is an action of slander for words spoken, brought by McNees against Davis.
The declaration alleges that Davis spoke the following false, malicious and defamatory words, of and concerning McNees, “He (meaning the plaintiff) swore what was not true” meaning thereby that the plaintiff- had committed perjury.
It appeared in proof that McNees was apprehended and on trial before justices of the peace, on a charge of perjury prosecuted by Davis. The magistrates consulted and considered that the proof was not strong enough. One of them observed to Davis the prosecutor, they would have to tax him with the costs, and undertook to explain -to him that the mistake of McNees was not material to the issue; Davis said he did not *41 know how they could do that; MeNees had sworn falsely and he had proved it; he had made more proof than he had expected he would have done. At the time of this altercation with Davis, the judgment was not written down,' ,but was after-wards reduced to writing: MeNees was still in custody.
Other words were spoken by Davis, but they were addressed to MeNees and are not laid in the declaration.
The court instructed the jury that “if the words were spoken by the defendant in the due course of legal proceedings and while he was acting in the capacity of a prosecutor before the justices, that he would not be responsible for them — that the defendant had a right, as prosecutor to appear before the justices, and if while in the appropriate management of the cause in that respect, he used the language complained of, the words were not actionable — that the authorities read by the defendant’s counsel, were unquestionably sound law. If the words were spoken after the cause was determined, and not in the due course of legal proceedings, the defendant would be liable — the legal protection only extended to the defendant while he acted in his official capacity as prosecutor. The court further told the jury that it was not necessary for the justices of the peace to write out their opinion; that the cause might be finally determined before them without their judgment being written out at all, at the time of delivering their opinion; that to make it valid it might be written out after-wards.
Proof of words spoken in the second person will not support a court charging words to have been spoken in the third person. The court left it to the jury to determine, whether the words were spoken before or after the judgment, and in the due and regular course of his duty as a prosecutor.
When requested by the counsel for the defendant to instruct them as to the right of the defendant, to argue the question of' *42 the taxation of costs before the justice, the court replied that the general principles given them in charge, would govern them in their investigation — and gave no specific instruction on that point.”
The jury found a verdict for the plaintiff; and the court having refused to grant a new trial, the defendant appealed to this court.
We are of opinion his honor erred in refusing to give the instruction asked for by the counsel for the defendant.
By the act of 1794, chap. 1, sec. 76, the court is authorized upon the acquittal of a party charged with a criminal offence, to tax the prosecutor with the costs, if they shall be of opinion the prosecution was frivolous or malicious.
Whenever therefore the defendant in the original case, shall be acquitted, and the court shall proceed to act under this statute, a new case arises, in which the prosecutor is interested more directly than in the original case. If therefore, as the court properly told the jury; — words spoken by the prosecutor, while in the legitimate discharge of his duties as such were not actionable; — most clearly it would follow, that words spoken while in the legitimate defence of himself against the judgment for costs would not be actionable.
But it is supposed the judge did not err, because the general principles which he had given in charge would cover the case propounded by the defendant’s counsel. And this might be true, were it not for the employment of several expressions which seem to have been intended to limit the protection which was allowed the prosecutor to the investigation of the original case alone. For his Honor said, “The legal protection only extended to the defendant while he acted in his official capacity, as prosecutor.” He also put stress upon the proposition that the annunciation of the opinion of. the justices was an *43 end of the case — and left it to the jury to determine whether the words were spoken before or after the judgment.
It must be perceived that his Honor intended to exclude the idea, that any thing said after the judgment in the original case was announced, was in the discharge of the official duties of the prosecutor, and consequently that for such words he was liable. It may be very true that the judgment had been pronounced when the words were spoken, but it does D ot follow that they were actionable.
A party in any cause may suggest reasons to the court, for the reconsideration of the opinion and change of the judgment — and much more may he be permitted to do so in such a case as the one under consideration.
The intimation of the opinion of the justices that they were about to tax him with the costs, was the first notice he had that a case against himself existed at all — and surely he was at liberty to expostulate against the contemplated decision, and to urge arguments, wherefore it should not* be made.
Whether the words that were spoken, were used in the legitimate defence of himself or were employed maliciously^ as a means of abuse and slander of McNees, should have been left to the jury. But we are clearly of opinion that the prosecutor in the case had a right to urge arguments respectfully and legitimately, wherefore, the justices should not tax him with the costs; — and we think his Idonor ought so to have instructed the jury; reverse the judgment and remand the cause.